UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION


RICHARD L. MORAND,

    Plaintiff,

v.                                            Case No. 8:08-cv-191-T-23TBM

MARION CASP, et al.,

    Defendants.
_____/

## **O R D E R**

Morand's complaint alleges that the defendants violated Morand's civil rights by denying him adequate medical care while detained in the Pinellas County jail. Pending is the defendants' motion to dismiss (Doc. 30) the complaint, which they argue fails to state a claim.

> For the purposes of a motion to dismiss, the Court must view the allegations of the complaint in the light most favorable to Plaintiff, consider the allegations of the complaint as true, and accept all reasonable inferences therefrom. Jackson v. Okaloosa County, Fla., 21 F.3d 1531, 1534 (11th Cir. 1994); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). Furthermore, the Court must limit its consideration to the pleadings and written instruments attached as exhibits thereto. Fed R. Civ. P. 10(c); GSW, Inc. v. Long County, Ga., 999 F.2d 1508, 1510 (11th Cir. 1993). A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that Plaintiff can prove no set of facts that would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

Omar ex rel. Cannon v. Lindsey, 334 F.3d 1246, 1247 (11th Cir. 2003). Although entitled to a lenient construction, Haines v. Kerner, 404 U.S. 519 (1972) (per curiam),

Kirby v. Siegleman, 195 F.3d 1285, 1289 (11th Cir. 1999), the pro se complaint nonetheless lacks merit.

Morand complains that, upon his arrival in the Pinellas County jail, the defendants refused to dispense to him "psych medications" he had received for years. A state has the constitutional obligation to provide adequate medical care to those whom it has incarcerated. Adams v. Poag, 61 F.3d 1537 (11th Cir. 1995); Mandel v. Doe, 888 F.2d 783 (11th Cir. 1989). The standard for prisoner claims of medical mistreatment is well-established: a prisoner must allege and show that officials acted with deliberate indifference to serious medical needs; only indifference to medical needs offends "evolving standards of decency" in violation of the Eighth Amendment. Estelle v. Gamble, 429 U.S. 97, 106 (1976). See Farmer v. Brennan, 511 U.S. 825 (1994); Hale v. Tallapoosa County, 50 F.3d 1579 (11th Cir. 1995).

According to both the complaint (Doc. 1) and the numerous responses to his grievances* (Doc. 35), Morand's requests for medical reviews were not ignored. The defendants, all medical personnel in the county jail, disagreed with Morand's opinion on whether and what medications he should receive. A difference of opinion over matters of medical judgment supports no constitutional claim. Waldrop v. Evans, 871 F.2d

---

   * A prisoner is required to exhaust available administrative remedies before filing a civil rights complaint. "No action shall be brought with respect to prison conditions . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Additionally, the prisoner has the burden of showing compliance with Section 1997e(a).

   Morand submitted his grievance forms, a stack approximately a half-inch thick, in response to the defendants' argument that Morand failed to show that he exhausted the available administrative remedies. The forms prove not only that he exhausted available remedies, but that his requests were not ignored. Moreover, the forms show that Morand simply disagreed with the defendants' medical opinion.

1030, 1033 (11th Cir. 1989);  Ramos v. Lamm, 639 F.2d 559, 575 (10th Cir.1980), cert. denied, 450 U.S. 1041 (1981);  Tedesco v. Johnson, 119 F.Supp.2d 1320, 1327 (M.D. Fla. 2000).

Accordingly, the defendants' motion to dismiss (Doc. 30) is **GRANTED**.  The clerk shall enter a judgment for the defendants and close this action.

ORDERED in Tampa, Florida, on August 26, 2008.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE